1
2
3
4          **UNITED STATES DISTRICT COURT**
5              **DISTRICT OF NEVADA**
6
7    DARREL G. HAFEN,                         )
                                              )       Case No. 2:09-cv-02366-RCJ-PAL
8                         Plaintiff,          )
                                              )    **ORDER AND REPORT OF FINDINGS**
9    vs.                                      )       **AND RECOMMENDATION**
                                              )
10   JOCK WITWORTH, et al.,                   )       (Amended Complaint - Dkt. #11)
                                              )         (Mtn for Hearing - Dkt. #12)
11                        Defendants.         )
     _____)
12
13         Plaintiff Darrel G. Hafen is proceeding in this action *pro se*, has requested authority pursuant to

14   28 U.S.C. § 1915 to proceed *in forma pauperis,* and submitted a Complaint (Dkt. #1) on December 15,

15   2009.  This proceeding was referred to this court by Local Rule IB 1-9.  On April 15, 2010, the court

16   approved Plaintiff's Application to Proceed *In Forma Pauperis* and screened Plaintiff's Complaint

17   pursuant to 28 U.S.C. § 1915(e).  The court found Plaintiff's Complaint failed to state a claim upon

18   which relief could be granted because Plaintiff failed to allege he exhausted his administrative

19   remedies, and he had not sued the proper party in interest.  *See* Order, Dkt. #9 at 2:25-3:6.  The court

20   dismissed Plaintiff's Complaint and allowed him thirty days in which to file an Amended Complaint.

21   *See id.*

22         Plaintiff submitted an Amended Complaint (Dkt. #11) on May 4, 2010.  The court will now

23   review Plaintiff's Amended Complaint.  Federal courts are given the authority dismiss a case if the

24   action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or

25   seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

26   When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the

27   complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint

28   / / /

that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *North Star Intern. v. Arizona Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983).  In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff.  *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980).  Allegations of a pro se complaint are held to less stringent standards than formal pleading drafted by lawyers.  *Haines v. Kerner,* 404 U.S. 519, 520 (1972) (per curiam).

Plaintiff's Amended Complaint seeks a declaratory judgment against the United States finding that Plaintiff's oral agreement with the National Parks Service for concession services at the Zion, Bryce, and Grand Canyon National Parks is valid and enforceable.  Plaintiff alleges that Mr. Robert Yearout, the former contracts officer for the National Parks Service, promised him the Zion, Bryce, and Grand Canyon National Parks' concession contracts and then subsequently awarded them to another party.  Plaintiff is attempting to state a claim for breach of implied contract.  As set forth in the court's prior Screening Order (Dkt. #9), the Tucker Act, 28 U.S.C. §§ 1346(a)(2), 1491, permits a party to sue the federal government for breach of an implied contract.  *Id.*  It waives sovereign immunity with respect to claims against the United States founded upon the Constitution or contract "for liquidated or unliquidated damages not sounding in tort."  28 U.S.C. § 1491.  As a general matter, jurisdiction over claims arising under the Tucker Act is vested with the United States Court of Claims, and that court has exclusive jurisdiction over Tucker Act claims in excess of $10,000.  *Id.*  However, concurrent jurisdiction with the District Court exists for claims below $10,000 under the so-called "little Tucker Act," which is a subsection of the Federal Tort Claims Act.  28 U.S.C. § 1326(a).  In order to show an implied-in-fact contract exists, Plaintiff must show mutuality of intent to contract, offer and acceptance, and that the officer whose conduct is relied upon had actual authority to bind the government in contract.  *See Ysasi v. Rivkind*, 856 F.2d 1520 (Fed. Cir. 1988).

/ / /

The court's prior Screening Order (Dkt. #9) advised Plaintiff that in order to file his claim in the District Court rather than the Court of Claims, Plaintiff's claim must fall under the so-called "little Tucker Act," 28 U.S.C. § 1326(a)–that is, it must seek less than ten thousand dollars in damages. Plaintiff has amended his Complaint to seek $9,999.99 in damages. The court further advised Plaintiff that in order to bring a claim under the little Tucker Act, Plaintiff must have exhausted his administrative remedies before bringing this claim. *See* 28 U.S.C. § 2675(a) (stating "the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency"). Plaintiff has not amended his Complaint to allege he exhausted his administrative remedies. In fact, the Amended Complaint states that "[Plaintiff] got to the point that it was useless to try to work with [the Chief of Concessions] . . . . I became so frustrated that I did not know what to do, but I decided that there was one last resort[,] and that was the U.S. Courts." Amended Complaint at 2. Thus, it appears that Plaintiff has not exhausted his administrative remedies by bringing a claim before the proper federal agency. The Ninth Circuit has held that the administrative exhaustion requirement is jurisdictional and "must be strictly adhered to." *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000) (failure to exhaust administrative remedies deprives district court of subject matter jurisdiction). Thus, it will be recommended that Plaintiff's Amended Complaint be dismissed for lack of subject matter jurisdiction.

With respect to Plaintiff's Motion for Hearing, Local Rule of Practice 78-2 provides, "All motions may, in the court's discretion, be considered and decided with or without a hearing." *Id.* The court has enough information before it to screen Plaintiff's Amended Complaint without a hearing, and Plaintiff's Motion for Hearing will be denied.

Accordingly,

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1   **IT IS ORDERED** that Plaintiff's Motion for Hearing (Dkt. #12) be **DENIED.**

2   **IT IS RECOMMENDED** that Plaintiff's Amended Complaint be **DISMISSED**.

3   Dated this 25th day of June, 2010.

4

5                                                          _____
                                                           PEGGY A. LEEN
6                                                          UNITED STATES MAGISTRATE JUDGE

7                                    **NOTICE**

8        These findings and recommendations are submitted to the United States District Judge assigned

9   to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within ten days after being served

10  with these findings and recommendations, any party may file written objections with the court.

11  Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing to object to the findings and

12  recommendations of a magistrate judge shall file and serve *specific written objections* together with

13  points and authorities in support of those objections, within ten (10) days of the date of service of the

14  findings and recommendations.  The document should be captioned "Objections to Magistrate Judge's

15  Findings and Recommendations."  The parties are advised that failure to file objections within the

16  specified time may waive the right to appeal the District Court's Order.  Martinez v. Ylst, 951 F.2d

17  1153 (9th Cir. 1991).  The points and authorities filed in support of the specific written objections are

18  subject to the page limitations found in LR 7-4.

19

20

21

22

23

24

25

26

27

28

4